UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STUDENTS FOR SENSIBLE DRUG POLICY<br>1623 Connecticut Ave., N.W., Suite 300<br>Washington, DC 20009,<br><br>and<br><br>ROSS WILSON<br>933 French St., N.W.<br>Washington, DC 20001<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br>400 Maryland Ave., S.W.<br>Washington, DC 20202<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C. A. No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to compel the Department of Education to waive fees associated with Plaintiffs' request

for a state-by-state breakdown of how applicants for federal student aid responded to the question

regarding prior drug-related convictions on the federal student aid application.  Although the

requested records are likely to contribute significantly to public understanding of the operations

or activities of the government, and although Plaintiffs have no commercial interest in the

requested records, the Department of Education denied Plaintiffs' request for a fee waiver.

## JURISDICTION

2.      This court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Students for Sensible Drug Policy (SSDP) is a national, non-profit, youth-oriented organization with over 100 chapters nationwide. SSDP provides education on the harms caused by the War on Drugs, works to involve youth in the political process, and promotes discussion of alternative solutions to the United States's drug problems.

4.      Plaintiff Ross A. Wilson was Legislative Director of SSDP from December 1, 2003 until July 22, 2005.

5.      Defendant United States Department of Education is an agency of the federal government of the United States and has possession of and control over the records Plaintiffs seek.

## STATEMENT OF FACTS

6.      By letter to Defendant dated December 28, 2004, signed by Ross Wilson and noting that Mr. Wilson was a representative of a public interest organization that disseminates information, Plaintiffs requested a "state-by-state breakdown of how applicants responded to the question on the Free Application for Federal Student Aid (FAFSA) regarding previous drug-related convictions for every academic year, beginning with 2000-2001, when it first appeared on the application."

7.      The December 28, 2004 letter included a request for a waiver of all fees associated with the request, explaining that disclosure of the requested information was in the public interest because it was likely to contribute significantly to public understanding of the

2

operations or activities of the government and was not primarily in Mr. Wilson's commercial interest.   The letter continued: "Providing me with this information will significantly contribute to public understanding because it will allow me to inform policymakers, the news media, and private citizens about how the presence of the drug conviction question on the FAFSA affects applications for aid in each state and territory.  Each of the above groups of individuals has long sought after the figures I have requested."

8.      By letter dated January 4, 2005, signed by Maria-Teresa Cueva, Freedom of Information Officer, Defendant informed Mr. Wilson that he had not provided sufficient information to demonstrate an entitlement to a waiver of processing fees.  Ms. Cueva's letter stated that if Mr. Wilson still wished for a fee waiver, he had to provide more specific and detailed evidence to support his claims by January 11, 2005.

9.      By letter dated January 10, 2005, Mr. Wilson provided Defendant with detailed evidence to support his claim to a fee waiver.  In particular, Mr. Wilson explained:

a.      The requested records would reveal how many student aid applicants from each state are denied aid based on their response to the FAFSA question regarding prior drug convictions, and the records thereby concern the government operations of collecting responses from applicants about their prior drug convictions and determining which applicants are ineligible for aid based on prior drug convictions;

b.      The requested records would be meaningfully informative in relation to the subject matter of the request because responses to the FAFSA question on prior drug convictions determine eligibility for aid;

c.      Mr. Wilson represented SSDP, which is in daily contact with members of the

3

media and congressional offices on the subject involved in the request, and which has received requests from the media and members of Congress for the state-by-state breakdown of those affected by the "HEA Drug Provision," under which certain students are denied aid based on their response to the question about prior drug convictions on the FAFSA.

d.  SSDP intended to release the requested information via personal calls, widespread news releases, and electronic communication via email and the Internet; and

e.  He had no commercial interest in the information and the organization he represented is a 501(c)(3) not-for-profit and could not use the information for monetary gain or commercial advantage.

10.  On March 10, 2005, Elise Cook, Federal Student Aid FOIA Coordinator, sent an e-mail to Mr. Wilson claiming that six excel spreadsheets of documents responsive to the request were enclosed.  However, the documents attached to the e-mail contained only national statistics on how applicants responded to the question on prior drug-related convictions on the FAFSA, not a state-by-state breakdown of those statistics.

11.  In a subsequent telephone conversation with Ms. Cook, Mr. Wilson explained that the documents she had sent him were not those that he had requested.  Ms. Cook indicated that she would look for responsive documents.  Mr. Wilson subsequently attempted to contact Ms. Cook on repeated occasions, but she did not return his calls.

12.  In early May, Mr. Wilson called Ms. Cueva, who informed him that his FOIA case had been closed because of the documents Ms. Cook had sent him.  Mr. Wilson told Ms. Cueva that he had let Ms. Cook know that the documents she had sent him were not the

4

documents he requested. On May 12, 2005, Ms. Cueva and Mr. Wilson again spoke by telephone. Mr. Wilson described for Ms. Cueva the documents he had requested and explained again why he thought he qualified for a fee waiver. Ms. Cueva expressed her belief that his fee waiver request would be denied but told Mr. Wilson that he should send her a fee waiver request. On May 26, Mr. Wilson sent Ms. Cueva an e-mail following up on their May 12 telephone conversation.

13.    On June 1, 2005, Ms. Cueva sent Mr. Wilson a letter, which stated that it was in response to Mr. Wilson's "e-mail dated May 12, 2005 requesting documents pursuant to the Freedom of Information Act." The letter informed Mr. Wilson that the request had been assigned a new number because Defendant had closed the original FOIA file when Ms. Cook "mailed the requested information." With regard to fees, Ms. Cueva's letter stated that the fee for processing the request would be $4,124.19.

14.    By letter dated June 2, 2005 and addressed to Ms. Cueva, Mr. Wilson renewed his request for a waiver of fees and again provided Defendant with an explanation of why he met the requirements for a fee waiver.

15.    By letter dated June 8, 2005, and signed by Ms. Cueva, Defendant denied Mr. Wilson's request for a fee waiver.

16.    By letter dated June 15, 2005, Mr. Wilson appealed the denial of the fee waiver. Mr. Wilson enclosed with the letter a series of news articles and editorials that mentioned SSDP, the national data that the FOIA request wanted broken down by state, SSDP's interaction with the Department of Education on issues related to the HEA Drug Provision, and SSDP's involvement in informing federal legislators about the HEA Drug Provision to which the FOIA

request related.

17.    By letter dated September 20, 2005, and signed by Mitchell Clark, Defendant

denied the appeal.  First, Mr. Clark asserted that Mr. Wilson had not established that disclosure

of the requested information would be in the public interest.    Mr. Clark then claimed that he

could not "conclude, based on the information you have made available to me, that SSDP has no

commercial interest in the disclosure sought," because "[a] review of the contents of SSDP's

website, www.ssdp.org, and the materials you submitted in connection with your fee waiver

request, reveal that the principal goal of your organization is 'to end the war on drugs[]'" and

"SSDP's campaign could directly benefit those who would profit from the deregulation or

legalization of drugs . . . ."  Mr. Clark asserted that because he had already determined that Mr.

Wilson had demonstrated no public interest in the information at issue, he could not find that the

request was predominantly in the public interest.

## CLAIM FOR RELIEF

18.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), to a

waiver of the fees associated with their FOIA request because disclosure of the information is

likely to contribute significantly to public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester.  Defendant's denial

of a fee waiver violates FOIA, 5 U.S.C § 552(a)(4)(A)(iii).  As a result, the fees should be

waived and the requested records released.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A) Declare that Defendant's failure to waive the fees associated with Plaintiffs' FOIA

request is unlawful under FOIA;

B) Order Defendant to make the requested records available to Plaintiffs without any

charge;

C) Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C.

§ 552(a)(4)(E); and

D) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Adina H. Rosenbaum
(DC Bar No. 490928)
Brian Wolfman
(DC Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC  20009
(202) 588-1000
(202) 588-7795 (fax)

Dated: January 26, 2006                    Attorneys for Plaintiffs